RECEIVED
USDC, CLERK GREENVILLE, SC

2018 FEB 26 PM 12: 11

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

Earl Gavin
    Plaintiff

Case No.

-v-

**JURY TRIAL DEMANDED**

Medi Credit Inc.
    Defendant

## PLAINTIFF VERIFIED COMPLAINT

1. This is an action brought by Plaintiff, Earl Gavin, for actual and statutory damages for Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq* (hereinafter "TCPA").

### JURISDICTION AND VENUE

2. This Court has Jurisdiction under 28 U.S.C. §1331, §1332 and §1367. Venue is proper in that the Defendant transacted business here, and the Plaintiffs reside here.

### PARTIES

3. Plaintiff, Earl Gavin, is a natural person and citizen of the State of South Carolina, Cherokee County.

4. Defendant Medi Credit Inc, is a North Carolina corporation. Medi Credit Inc, may be served with process through its registered agent for service of process, CT Corporation System, 2 Office Park Court, Suite 103, Columbia, SC 29223. In all respects and at all times relevant herein, Medi Credit Inc, was doing business in the State of South Carolina and in this division.

5. Plaintiff contends that this is common practice by the Defendants nationwide and Plaintiff plans on propounding discovery to identify others that may have been affected by the Defendants collection practice with use of ATDS capable equipment and prerecorded messages..

### FACTUAL ALLEGATIONS

6. Defendant made 15 phone calls to plaintiff home phone leaving automated messages.

7. Upon information and belief, all of the calls placed to the Plaintiff's cellular telephone by Defendant were made through the use of an automatic telephone dialing system or ATDS or prerecorded both as defined by 47 U.S.C. § 227.

8. On the several occasion, when Plaintiff would answer Defendant's call he stated "quit calling this number" or "quit calling this phone" but there was only dead air and it disconnected the call.

9. Plaintiff did not give his phone number to Medi Credit Inc nor expressly or impliedly consent to Defendant's placement of telephone calls to his telephone in efforts to collect a debt by the use of an automatic telephone dialing system pursuant to 47 U.S.C. §227(b)(1)(A).

10. Plaintiff asked Medi Credit Inc agents on multiple occasion said to stop calling his cell phone & Home phone.

11. Defendants made several phone calls within a twenty-four hour period using multiple telephone numbers using a auto dialer and calls where made to collect an alleged debt.

12. None of Defendant's telephone calls placed to Plaintiff were for emergency purposes as defined by 47 U.S.C. §227(b)(1)(A)(I). And calls were made without consent to do so, express or otherwise of the Plaintiff having been given. In doing so, Medi Credit Inc violated Plaintiff's rights to privacy under 47 U.S.C. §227 et seq.

13. The telephone calls made by Defendant were in violation of 47 U.S.C. §227(b)(1).

14. Defendants made 15 individual calls to Plaintiff's phone using ATDS capable equipment with recorded messages using automatic telephone dialing systems or artificial or prerecorded voices on Plaintiff phone.

15. Medi Credit Inc violated the TCPA by calling Plaintiff's phone 15 times with no prior permission given by Plaintiff.

16. Medi Credit Inc violated the TCPA by leaving recorded messages on Plaintiff home phone without express permission

17. Defendants made reference to call them back at 888-213-9688 by leaving automated voice mail messages. Upon information and belief said number is used by ATDS to place calls in connection its debt collection operations for a debt that not in my name.

18. On January 27,2018, Plaintiff sent pending litigation letter via certified mail to the defendant physical address. And at this time there was been no reply or response.

19. Defendants made 15 calls to Plaintiff cell phone with the attempt collect on a debt. And Plaintiff did not have any contractual agreement with the defendant.

20. All Defendants automate messages or prerecorded messages would reference to call "Medi Credit Inc ", and Plaintiff doesn't have any business relationship or debt with the Defendant. And Transworld Systems Inc was asked to stop calling several times about subject matter.

21. As outlined above, on number of occasion Defendant would leave a prerecorded voicemail message on my phone.

22. Upon information and belief, Defendant placed the calls to the Plaintiff identified above voluntarily.

23. Upon information and belief, Defendant placed the calls to the Plaintiff identified above under its own free will.

24. Upon information and belief, the Defendant had knowledge that it was using an automatic telephone dialing system to place each of the telephone calls identified above.

25. Upon information and belief, Defendant intended to use an automatic telephone dialing system to place each of the telephone calls identified above.

26. Defendant intentionally intruded upon the Plaintiff's right to privacy by continually harassing the Plaintiff with telephone calls to collect an alleged debt.

27. Defendant knew or should have known that the conduct of their employees, agents, and/or assigns was improper and was in violation of the TCPA.

28. Plaintiff doesn't owe the Defendant any money.

29. Plaintiff never had any contractual agreement or obligation with the defendant.

## COUNT 1
## VIOLATIONS OF THE TCPA 47 U.S.C. § 227(b)(1)(A)(iii)

30. Plaintiff hereby adopts all of the allegations set forth in paragraphs 6 through 41 as if set forth fully herein.

31. Defendants has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) by using an automatic telephone dialing system to call the Plaintiff's number, which is assigned to a cellular telephone service.

32. Defendants has committed 15 separate violations of 47 U.S.C. §227(b)(1)(A) and Plaintiff is entitled to damages of $1500 per violation pursuant to 47 U.S.C. §227(b)(3)(B).

33. Defendants has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) The 15 calls are subject to treble damages pursuant to 47 U.S.C. §227(b)(3) as they were intentional calls.

34. Defendants has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) by calling the Plaintiff's number, which is assigned to a cellular telephone service. The Plaintiff has never given permission to call Plaintiffs cell phone. Plaintiff is entitled to damages of $1500 per violation pursuant to 47 U.S.C. §227(b)(3)(B). Plaintiff and Medi Credit Inc do not have an established business relationship within the meaning of 47 U.S.C. §227

WHEREFORE, Plaintiff demands judgment for damages against Medi Credit Inc . for actual, statutory damages, and punitive damages, attorney's fees and costs

## AMOUNT OF DAMAGES DEMANDED

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a judgment against Defendants for the following:

A. Statutory damages of $500.00 from Defendant for each and every negligent violation of the TCPA;

B. Treble statutory damages of $1,500.00 for each and every call made to the Plaintiffs' cell phones by Defendants as each and every call was a knowing and/or willful violation of 47 U.S.C. §227 *et seq.*;

C. For compensatory and punitive damages in an amount to be determined by a struck jury for Defendant's negligent training and supervision, reckless and wanton training and supervision, and invasion of privacy;

D. For this matter to be heard by a jury; and

E. For such other and further relief as this Court deems necessary and proper.

## PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law

Respectfully Submitted,

Earl Gavin